■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO TORRES, Appellant.—Appeals by the defendant from three judgments of the Supreme Court, Queens County (Kellam, J.), all rendered March 16, 1984, convicting him of criminal sale of a controlled substance in the second degree under indictment No. 1959/83, criminal sale of a controlled substance in the second degree under indictment No. 1960/83, and criminal sale of a controlled substance in the third degree under indictment No. 1958/83, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant failed to raise his claim that he did not understand all the terms of the plea agreement at any time before the sentences were imposed. Accordingly, his claim is not preserved for appellate review as a matter of law (see,

*People v Hoke,* 62 NY2d 1022; *People v Pellegrino,* 60 NY2d 636).

Furthermore, the defendant's claim that he believed that the promised sentences were merely the maximum sentences the court might impose is not supported by the record. The promised sentences were stated clearly and unequivocally by the court and the prosecutor. The court's use of the phrase "that would be the maximum" in the context of explaining to the defendant that all his sentences would run concurrently did not undermine the certainty of the promise. There was no ambiguity as to the terms of the plea bargain. Thus, the court properly accepted the pleas of guilty and imposed the promised sentences. Mollen, P. J., Bracken, Rubin, Kooper and Spatt, JJ., concur.